Rory Everett PAGE et al., Plaintiffs,

v.

U. S. DIVERS CO., Inc., Defendant.

No. 62–304.

United States District Court
S. D. California,
Central Division.

Oct. 9, 1964.

Gene W. Arant, Max Goldenberg, Jerome Schwimmer, by Gene W. Arant, Los Angeles, Cal., for plaintiffs.

Fulwider, Patton, Rieber, Lee & Utecht, Los Angeles, Cal., Ward & Heyler, Charles A. Druten, Beverly Hills, Cal., for defendant.

CURTIS, District Judge.

The plaintiffs are the owners of a reissued United States patent No. 25,122 and bring this action to enjoin the defendants from an alleged infringement thereof. Plaintiffs' device is a mouthpiece for use in an aqualung underwater diving device. An aqualung is a well known, much used underwater diving apparatus consisting of a compressed air tank and regulator attached thereto with a connecting hose as a means of supplying air from the compressed air tank (normally attached to the back of the diver) to a mouthpiece which the diver holds in his mouth during its use and an outlet hose which returns the used air from the mouthpiece to a point near the regulator where it is released into the surrounding water. This is known as an open circuit type diving apparatus, as distinguished from a closed type where the expelled air returns to some portion of the device for purification and recirculation.

In the aqualung system, when the diver inhales, the regulator releases a

proper quantity of air which flows freely through the intake hose into the mouthpiece and into the lungs of the diver. Upon exhalation, the regulator ceases to supply air and the diver expels the air from his lungs which again flows freely through the outlet hose which terminates in a one way flapper valve. In use this device had a performance characteristic which was considered risky or dangerous to a diver using it. Upon occasion, either by design or accident, the mouthpiece would be removed from the diver's mouth while under water, in which event water would flood both the intake and outlet portions of the hose. When this happened, it was necessary for the diver to clear the hose by expelling a rather large quantity of air from his lungs into the mouthpiece while rolling his body in such a manner as to clear the intake side sufficiently to permit him to draw a new breath of air and thus be able to complete the clearing process. In order to eliminate the hazards connected with this clearing process, the plaintiff Page placed a one way valve in each end of the mouthpiece, positioned so as to permit, without obstruction, the flow of air in the same direction as provided by the aqualung, and yet these valves were placed so close together as to confine any water coming into the mouthpiece to a relatively small area from which it could be expelled with ease.

Plaintiffs' device met with immediate commercial success, and after considerable litigation in the Patent Office, the reissued patent was granted.

Admittedly, the aqualung system is old as are one way valves of the kind used by the plaintiffs. But plaintiffs contend that these old elements have been combined in such a manner as to produce a new, unusual or novel result entitling them to patentability.

Defendant on the other hand urges that a mouthpiece similar in construction to the plaintiffs' and operating in precisely the same manner is old in the art, beginning with Hawkins, No. 46902, in 1865. Similar mouthpieces have been used in both open and closed circuit breathing devices designed for use in the air and under water. But plaintiffs contend that heretofore a mouthpiece with one way valves at either end thereof has been used for the purpose of providing a uni-directional flow of fluid (air or water) and without such a device to direct the fluid in a predetermined direction, these devices, of which such mouthpieces were a part, would not operate. Plaintiffs further contend that the novelty here is that they have used their mouthpiece in a system in which provision has already been made for a uni-directional flow of air and that the mouthpiece is here used for a new and different purpose, i. e., that of preventing the flooding of the air hose with water when the mouthpiece is removed from the diver's mouth. This, plaintiffs contend, is a new result never before produced.

The fallacy in this position is that actually no new result is produced. One way valves all function in much the same way and produce the same result, that is, they permit a fluid to flow easily through them in a predetermined direction but almost instantaneously react to prevent a fluid from passing in the opposite direction. This result has been used effectively in all kinds of apparatus for years in handling and controlling fluids. In fact, whether Hawkins had it in mind or not, one of the results of his invention was to confine water entering the mouthpiece in precisely the same manner as in plaintiffs' device. The plaintiffs here have used the same combination of valves and mouthpiece, producing the same result, but perhaps for a new purpose. And it is well settled that to use an old device for new and analogous purposes is not invention. Fernandez v. Phillips, (C.A. 9 1943) 136 F.2d 404; Cuno Engineering Corp. v. Automotive Devices Corp., 314 U.S. 84, 62 S.Ct. 37, 86 L.Ed. 58 (1941). The uses of one way check valves for handling and controlling fluids must of necessity be considered an analogous art.

Having found that plaintiffs' device does not possess the novelty or in-

vention entitling it to patentability, any presumption of validity arising from the issue of the patent or the lengthy litigation in the Patent Office or its commercial success has been overcome.

Even if plaintiffs' claims be narrowly construed, in which event the defendant's device would not infringe, they could not be upheld, for they do nothing more than define a device which is only an equivalent, many examples of which are evident in the prior art. Any differences in details are mere differences in design, which of course does not raise it to the dignity of a patentable device.

I therefore find plaintiffs' claims 1 through 18 to be invalid and having found invalidity, there is no need to consider the question of infringement.

Defendant's attorneys will prepare findings of fact, conclusions of law and judgment.

Defendant will be allowed its costs.