GRINNELL CORPORATION, Appellant,

v.

VIRGINIA ELECTRIC & POWER COMPANY, Stone & Webster Engineering Corporation, Bergen Pipesupport Corporation, Bergen Paterson Pipesupport Corporation, Bergen Iron and Engineering Company, Inc., Appellees.

No. 12018.

United States Court of Appeals Fourth Circuit.

Argued April 4, 1968.

Decided Sept. 11, 1968.

**452**

W. Brown Morton, Jr., New York City (McLean, Morton & Boustead, New York City, Sewall P. Bronstein, and Dike, Thompson & Bronstein, Boston, Mass., David D. McKenney, Providence, R. I.; Charles W. Laughlin, and Christian, Barton, Parker, Epps & Brent, Richmond, Va., on brief) for appellant.

David W. Plant, New York City (Harry R. Pugh, Jr., and Fish, Richardson & Neave, Francis J. Pisarra, and Henderson, Pisarra & Nolan, New York City, Lewis T. Booker, and Hunton, Williams, Gay, Powell & Gibson, Richmond, Va., on brief) for appellees.

Before SOBELOFF, BRYAN and CRAVEN, Circuit Judges.

CRAVEN, Circuit Judge:

Each of the three patents invalidated below relates to an apparatus for automatically moving steam piping to precalculated positions so as to avoid intolerable stress caused by expansion and contraction of the pipe reacting to extremes of temperature. The device is basically a servomechanism employing a motorized jack to position the pipe and various devices to detect erroneous positions and activate the jack. The district judge held each patent invalid on the ground that the difference between its subject matter and the prior art was "such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art." 35 U.S.C.A. § 103. We agree for the reasons stated by the district judge. Grinnell Corp. v. Virginia Elec. & Power Co., 277 F.Supp. 507 (1967).

■■ In reaching his conclusion the district judge carefully applied the test specified by the Supreme Court in Graham v. John Deere Co., 383 U.S. 1, 17, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966), and found the following facts: (1) the scope and content of the prior art included not only each element of the device but also the combination itself; (2) the differences between the prior art and the claims in issue were minimal; (3) persons skilled in the art were familiar with servomechanisms and their controls and took only a short time to solve the problem once it was posed; (4) there was no history of a long felt but unsolved need and no failure of others to solve the problem; and (5) the device enjoyed only limited commercial success. These findings are supported by substantial evidence and we cannot say that they are clearly erroneous. They strongly support, indeed require, the conclusion of law of patent invalidity.

■ Grinnell concedes that if the district court was correct in treating the patents as relating to the servomotor art rather than to the art of high temperature piping systems, then it was also correct in concluding that the patented apparatus did not constitute invention. We think the district judge correctly viewed the high temperature pipe as the object to which the apparatus was to be applied rather than as one of the elements of the apparatus.[1] That alone, plus Grinnell's concession, affords sufficient ground for affirmance. But whether the "subject matter" is viewed as the servomotor art (the pipe not an element) or viewed as the art of "high temperature piping systems" (the pipe viewed as an

---

1. See Fluor Corp. v. Gulf Interstate Gas Co., 259 F.2d 405, 407–408 (5th Cir. 1958).

element) is not, we think, of controlling importance. If the piping is an element, as Grinnell contends, the result is merely aggregation: the servomechanism performs its customary functions without in the least affecting the functioning of the steam pipe, which is simply to carry steam as steam pipe has always done.

 Grinnell puts heavy emphasis on 35 U.S.C. § 100(b) which includes within the term "process", a new use of a known process or machine. However, a different use of a known machine or process is not a "new use" if it is merely analogous or cognate to the uses theretofore made. Elrick Rim Co. v. Reading Tire Mach. Co., 264 F.2d 481, 486–487 (9th Cir. 1959), cert. denied 360 U.S. 920, 79 S.Ct. 1434, 3 L.Ed.2d 1535. Moreover, "process" is not the same thing as invention. The definition of process to include a "new use" does not constitute a new statutory class of patentable subject matter different from those set forth in Section 101 of Title 35 U.S.C. Sun Chem. Corp. v. Brenner, 267 F.Supp. 617 (D.D.C.1967); Clinical Prods., Ltd. v. Brenner, 255 F.Supp. 131 (D.D.C.1966). The new use must still meet requisite standards of invention, Armor Pharmaceutical Co. v. Richardson-Merrell, Inc., 264 F. Supp. 1013, 1017 (D.Del.1967), including that it not have been obvious to a person having ordinary skill in the art to which the subject matter pertains. 35 U.S.C. § 103. The application of an apparatus to a new use, with no change in the apparatus to adapt it to its new use, and with the apparatus functioning without change in its mode of operation, does not constitute invention. See Pierce v. Muehleisen, 226 F.2d 200, 204 (9th Cir. 1955); Page v. U. S. Divers Co., 235 F. Supp. 554 (S.D.Cal.1964), affirmed 361 F.2d 478 (9 Cir.); Polymer Processes, Inc. v. Cadillac Plastic & Chem. Co., 220 F.Supp. 563 (E.D.Mich.1963), affirmed 337 F.2d 383 (6 Cir.); Van Brode Mill Co. v. Cox Air Gauge System, Inc., 161 F.Supp. 437 (S.D.Cal.1958), affirmed 279 F.2d 313 (9 Cir.); Kinnear-Weed Corp. v. Humble Oil & Refining Co., 150 F. Supp. 143 (E.D.Texas 1956), affirmed 259 F.2d 398 (5 Cir.).

In Concrete Appliances Co. v. Gomery the Supreme Court looked to known means of distributing water, grain and coal to hold that a conduit utilizing gravity to distribute wet concrete to various points of a construction site was not patentable because the "observations of common experience in the mechanical arts would lead one to expect that once the feasibility of using 'wet' concrete in building operations was established, the mechanical skill of those familiar with engineering and building problems would seek to make use of known methods and appliances for the convenient handling of this new building material." 269 U.S. 177, 184, 46 S.Ct. 42, 45, 70 L.Ed. 222 (1925). And this court in American Monorail Co. v. Parks-Cramer Co. held that a flexible hose attached to an overhead fan used to dispose of lint in textile mills was not patentable even though it solved the problem of removing lint from the underframe areas of spinning machines and at the same time eliminated the danger of operators being struck by a rigid member low enough to perform satisfactorily. There Judge Sobeloff said for the court, "The use of flexible pipes is a familiar commonplace, and not only to engineers. Indeed, any layman who has ever lifted the hood of his automobile will not have failed to notice the use of flexible pipes or tubes connected with rigid conveyors of fluids and gases." 245 F.2d 739, 741 (4th Cir. 1957). We are unable to understand how, when the known use of servomechanisms is to move objects ranging from fan blades to gun turrets, it is less obvious to use them to move steam pipes than it is to use flexible hoses to gain length and avoid rigidity or to use movable conduits to dispense materials susceptible to the force of gravity. Instead of invention we think the claims in issue represent only the application of ordinary engineering and mechanical skill to a problem occurring in the normal progress of the art. See Great A & P Tea Co. v. Supermarket Equip. Corp., 340 U.S. 147, 71 S.Ct. 127,

95 L.Ed. 162 (1950); Atlantic Works v. Brady, 107 U.S. 192, 2 S.Ct. 225, 27 L.Ed. 438 (1883); Allen v. Standard Crankshaft & Hydraulic Co., 323 F.2d 29 (4th Cir. 1963); Union Shipbuilding Co. v. Boston Iron & Metal Co., 93 F.2d 781 (4th Cir. 1938).

Affirmed.