**TRICO PRODUCTS CORPORATION,**
Appellant,

v.

**The ROBERK COMPANY, Appellee.**

**No. 53, Docket 73–1514.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 31, 1973.

Decided Dec. 18, 1973.

Edward A. Haight, Chicago, Ill. (Robert V. Jambor, Haight, Hofeldt, Davis & Jambor, Chicago, Ill., Armand Ciffelli, Bridgeport, Conn., on the brief; E. Herbert Liss, Buffalo, N. Y., of counsel), for appellant.

Albert C. Johnston, New York City (Leo Nevas, Nevas, Nevas & Rubin, Westport, Conn., on the brief), for appellee.

Before MOORE, HAYS and FEINBERG, Circuit Judges.

PER CURIAM:

The Trico Products Corporation, owner of the 1964 Lenz Patent number 3,153,254, filed suit against the defendant Roberk Company alleging infringement, and seeking an injunction and an accounting for damages. Roberk denied infringement and set up the defenses of patent invalidity for obviousness and overclaiming, and counterclaimed for a judgment declaring the Lenz patent invalid. The defendant moved for summary judgment. The district court granted the motion on the basis of the file wrapper in the Lenz application, depositions, and prior art patents, holding that the Roberk product did not infringe and that the Lenz patent was invalid.

The appellant claims on this appeal that, because controverted issues of fact exist as to non-infringement, both defenses, and the counterclaim, the district court erred in granting summary judgment. Since we affirm on the sole ground that the record establishes that the Lenz patent is void for lack of invention, we do not reach the infringement and overclaiming issues.

The subject of the Lenz patent is a windshield wiper. The patent claim in question consists of three elements: (1) a wiper superstructure, a spring-loaded arm holding the wiper blade against the curvature of the windshield; (2) a wiper blade, a rubber squeegee backed by a flexible metal strip; and (3) a latching clip, a flat spring connecting device about the size of a man's thumbnail, securing the wiper blade from sliding out of claws on the superstructure. Trico bases its claim of invention not on the designs of the blade or superstructure, both of which are conceded to be well-known in the prior art, but on their connection by means of the latching clip.

■ To determine whether an invention is obvious under section 103 of 35 U.S.C.:

"the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved." Graham v. John Deere Co., 383 U.S. 1, 17, 86 S.Ct. 684, 694, 15 L.Ed.2d 545 (1966).

■ The district court properly found that the Lenz patent is not an improvement over the prior art. The prior art had solved the problem of using a flat spring clip to connect one item to another. Three prior patents—the 1954 Lambert Patent number 2,681,719, the 1939 O'Callaghan Patent number 2,169,708, and a 1958 German patent, DAS 1,047,040—show two-legged spring clips substantially similar to the Lenz clip. The combination of superstructure, blade, and latch has greater utility than its separate parts and thus might be patentable as a combination, see Anderson's-Black Rock, Inc. v. Pavement Salvage Co., 396 U.S. 57, 60–61, 90 S.Ct. 305, 24 L.Ed.2d 258 (1969), but Lenz was not the first to combine these elements. The 1961 DePew Patent number 2,983,945 utilizes either one or a pair of two-legged latches to secure a flexible wiper blade to a superstructure. Thus, any claim of invention must be based on the design specifics of the Lenz latch itself. But even this claim of originality fails. The district court found that the Lenz latch is structurally congruent with the DePew latch, and that the language of the Lenz claim does not distinguish it from DePew. 369 F.Supp. at 1156. We find no justification for disturbing these findings. There is no merit in Trico's argument that Lenz may be distinguished from DePew in that it utilizes only one latch, while DePew may require two, one at either end of the blade, to secure the blade when it is not in contact with the windshield. So slight an improvement in function, if it is an improvement, does not distinguish Lenz from the prior art.

■ Finally, we reject the appellant's argument that the district court erred in not making further factual inquiry into the level of ordinary skill in the art of windshield wiper construction. Graham v. John Deere Co., supra, undeniably re-

quires that differences between the prior art and the claim at issue be compared with the level of ordinary skill in the art. 383 U.S. at 17, 86 S.Ct. 684. But in the instant case, the district court properly determined that there is no difference between the Lenz claim and the prior art, so inquiry into the level of ordinary skill is superfluous. Cf. Jungersen v. Ostby & Barton Co., 335 U.S. 560, 566–567, 69 S.Ct. 26, 93 L.Ed. 235 (1949).