**CENTSABLE PRODUCTS, INC.,**
**Plaintiff-Appellee,**

v.

**Jerome H. LEMELSON,**
**Defendant-Appellant.**

**No. 78–1969.**

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 4, 1978.

Decided Jan. 23, 1979.

Rehearing Denied March 19, 1979.

James J. Conlon, Chicago, Ill., for defendant-appellant.

Nate F. Scarpelli, Chicago, Ill., for plaintiff-appellee.

Before CUMMINGS, LAY * and WOOD, Circuit Judges.

CUMMINGS, Circuit Judge.

In Count I of its amended complaint, the plaintiff Centsable Products, Inc. (Centsable) sued Jerome H. Lemelson and three

---

* Honorable Donald P. Lay, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. The licensees named were Cadaco, Inc., Synergistics Research Corp., and International Manufacturing & Marketing Corp. They have not appealed from the judgment holding Lemelson's patent No. 3,032,345 invalid.

---

licensees [1] under his U.S. patent No. 3,032,-345 seeking a decree that the patent is invalid and not infringed by the dart game sold by Centsable. Counts II through IV claimed injury from the defendants' efforts to protect the assertedly valid patent; Count II asserted a pendent claim of unfair competition; Count III alleged a conspiracy under Section 1 of the Sherman Act (15 U.S.C. § 1); and Count IV was brought under the Lanham Act (15 U.S.C. § 1125(a)). Summary judgment was granted for Centsable on the issue of patent validity. Only that question is involved on this appeal.

The patent in question is entitled "Target Game" and is described in the key first claim [2] of the patent as follows:

"A dart game comprising in combination, a target board having an outwardly presented face provided with a textile covering having a surface of a pile fabric having upstanding loops, and a dart having a forwardly presented blunt impact end provided with a textile covering having integral outwardly extending *stiff* hooks and spines formed of broken loops of filament adopted for retentive imbedment in said surface upon contact therewith." (App. Tab 3, column 4, claim 1; emphasis added.)

The application for the patent was filed on April 7, 1959, and granted on May 1, 1962, over an interference with Kenneth Marion's patent application claiming substantially the same combination as Lemelson. Ned Strongin developed a similar dart game in 1958 but did not file a patent application because a patent attorney advised him it was unlikely that he could obtain any patent.

In granting Centsable's motion for summary judgment, the district court filed a

---

2. Remaining claims 2–6 of the Lemelson patent are within the scope of claim 1, adding primarily that the dart could be of various shapes or that a ball could be substituted for the dart. Lemelson has not shown that these claims add any considerations material to the validity of the patent.

memorandum opinion holding that Lemelson's patent No. 3,032,345 was invalid for obviousness under 35 U.S.C. § 103.[3] Judge Crowley noted that the Lemelson patent describes a dart or missile whose tip is covered by Velcro manufactured under the 1955 DeMestral patent No. 2,717,437.[4] As described in Lemelson's patent, Velcro

> "consists of two strips of flexible wool-like material one of which has a multitude of tiny monofilament hooks * * with the other material consisting of * * a multitude of loops * * *. When the surfaces of the material are brought together the hooks become engaged in the loops and the net effect is to provide a means for holding one material against the other * * *."

Under Lemelson's patent, the dart is thrown at a target board covered with a suitable looped fabric, and the hooked dart attaches to the target board because of the adhesive nature of the hooked Velcro fabric which is also employed at the end of the dart. As Lemelson stated in his patent application, his device provides a dart game which is safe for use by young children and thus an improvement over earlier games of this sort.

In his memorandum opinion, the district judge stated that Centsable's claim of obviousness must be evaluated under the standards adopted by the Supreme Court in *Graham v. John Deere Co.*, 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545, requiring an eval-

uation of the scope and content of the prior art at the time of the invention, the differences between the prior art and the claims at issue and the level of ordinary skill in the art.[5] Because the parties agreed that the skill in the art is low, the district judge found it necessary only "to examine the nature, content and scope of the prior art to determine what it fairly taught one having ordinary skill in the art and then apply [said] art to the claims" (App. Tab 2, p. 12).

■ We agree with the district court that no genuine issue of material fact is presented, so that summary judgment on the question of obviousness was appropriate. *Research Corporation v. Nasco Industries, Inc.*, 501 F.2d 358, 362–363 (7th Cir. 1974), certiorari denied, 419 U.S. 1096, 95 S.Ct. 689, 42 L.Ed.2d 688. We affirm on the ground of obviousness and therefore, like the district court, do not consider whether the Lemelson patent is also invalid under 35 U.S.C. § 102 as anticipated.

■ As the district court found, the most important prior art was not before the patent examiner, so that there is no presumption of validity as to the Lemelson patent. *Rockwell v. Midland-Ross Corporation*, n. 5 infra, at 650. *Appleton Electric Co. v. Efengee Electrical Supply Co.*, 412 F.2d 579, 581 n. 4 (7th Cir. 1969). The patents cited by the Patent Office did not show darts with hooking elements or teach the nature of Velcro as an artificial bur.

---

**3.** 35 U.S.C. § 103 provides:

> "A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made."

**4.** Lemelson cannot properly assert that his claims include a novel resilient shock-absorbing feature, for that is merely a property of the already patented and commercially available Velcro and in any event is contrary to the recitation in claim 1 of "stiff hooks and spines" (App. Tab 3, column 4, claim 1).

**5.** Lemelson attacks the district court opinion as not explicitly evaluating the patent claims in light of the criteria set out in *Graham v. John Deere Co.*, 383 U.S. 1, 17, 86 S.Ct. 684, 15 L.Ed.2d 545. On the contrary, it is clear that the district court did properly apply that case. As we said elsewhere:

> "Plaintiffs are subverting the substance of the ultimate findings to their form. The court [in *Graham v. John Deere Co.*] established the matters to be considered in a conclusion of obviousness, not the words the findings should use. We deem it sufficient if the findings demonstrate that the trial court considered the issues set forth in *Graham v. Deere.*"

*Rockwell v. Midland-Ross Corporation*, 438 F.2d 645, 651 (7th Cir. 1971).

Here the relevant prior art was demonstrated by three patents, two publications and the contemporaneous work of two other persons. The 1903 Chaffin patent No. 740,-397, which was not before the patent examiner, covers a game in which a cocklebur missile, with a slip of paper to steady the missile in its flight, is thrown to adhere to a fibrous hairy surface. Krusi's 1925 patent No. 1,538,640 was also not before the patent examiner. It covers, *inter alia*, a thistle bur attached to an artificial blossom or other light object to be thrown to a textile fabric surface, with the petals guiding the dart. Although a natural thistle bur is illustrated in Krusi's patent, he suggested that an artificial bur might be used within the scope and spirit of the invention.

DeMestral's 1955 patent No. 2,717,437 was cited to the patent examiner. It describes a hooking material and its manufacturer. This material is a velvet type fabric comprised of a multitude of tiny synthetic hooks which will adhere when pressed against a piece of fabric comprised of tiny synthetic loops. The two types of fabric together compose Velcro.

In August 1958 the Chicago *Daily News* carried an article which described Velcro as comprising synthetic burs consisting of two strips of nylon material, one composed of tens of thousands of microscopic hooks and the other composed of tens of thousands of microscopic loops. A similar article appeared in the March 1959 *Reader's Digest.* Both articles described how the inventor was inspired by the tenacious hold of cockleburs in his dog's hair, and how he copied the hooking principle of natural burs to create Velcro. Neither article was before the patent examiner.

Lemelson's experimentation was from December 1958 to April 1959. As to the contemporaneous work of others, in 1958 Ned Strongin conceived of a Velcro-tipped dart game and licensed a company to sell it until 1963. As previously noted, he did not seek a patent thereon because of the negative advice of patent counsel. Substantially contemporaneously with Lemelson, Kenneth Marion filed a patent application claiming approximately the same combination as Lemelson. The patent office declared an interference resulting in the issuance of the patent to Lemelson because of his priority.

The foregoing materials convinced the district judge and convince us that the Lemelson patent is only a variation of the Chaffin and Krusi patents, whereby Lemelson merely substituted an artificial bur for the natural cocklebur of the previous patents. As Centsable contends, Lemelson's patent is merely an obvious substitution of new material which was actually suggested in the prior Krusi patent and in Strongin's 1958 target game using Velcro. Lemelson's substitution of Velcro for other less effective adhesive materials would certainly be obvious to one reasonably skilled in the art (see *Dann v. Johnston*, 425 U.S. 219, 229–230, 96 S.Ct. 1393, 47 L.Ed.2d 692) and is not invention. *Martin-Marietta Corporation v. United States*, 373 F.2d 972, 977, 179 Ct.Cl. 70 (1967). The general rule is that substitution of materials is not invention, even when the substitution is new and useful. 2 *Deller's Walker on Patents*, § 112 (2d ed. 1964).[6] Because Lemelson's claimed invention clearly "would have been obvious at the time the invention was made to a person having ordinary skill in the art" (35 U.S.C. § 103), the district judge properly concluded that he need not take into account secondary considerations such as commercial success unsolved needs, or failure of others and the like. *Sakraida v. Ag*

**6.** Lemelson suggests that to hold his patent invalid would be tantamount to holding that mere substitution of existing materials is never patentable. We are cognizant that a mere combination of elements can lead to a patentable item if the result is sufficiently new and useful. *Ekstrom-Carlson & Co. v. Onsrud Machine Works, Inc.*, 298 F.2d 765, 770 (7th Cir. 1962). Here, however, the substitution or combination of elements was obvious because of the previously discussed patents and articles. The similar games developed before or contemporaneously with Lemelson's are further evidence that the combination was obvious.

Our holding Lemelson's patent invalid does not necessarily mean that other patents making use of Velcro are also invalid.

*Pro, Inc.*, 425 U.S. 273, 278, 96 S.Ct. 1532, 47 L.Ed.2d 784; *Research Corporation v. Nasco Industries Inc., supra*, at 362.

Summary judgment on the issue of patent validity is affirmed.