**William A. CLARKE, Plaintiff,**

v.

**K–MART, Defendant.**

**William A. CLARKE, Plaintiff,**

v.

**K–MART, Placo Products Company, Toy World, Joseph Dahlkemper, Inc., Toys-R-Us, J. C. Penney Co., Inc., Defendants.**

**Civ. A. Nos. 77–132 Erie, 77–143 Erie.**

United States District Court,
W. D. Pennsylvania.

Dec. 13, 1979.

---

13. There is a question concerning the authority of the BCNR to grant such relief. See 32 CFR § 723.1 et seq.

Ralph Hammar, Erie, Pa., for plaintiff.

John M. McLaughlin, John G. Gent, James D. McDonald, Jr., Erie, Pa., Richard A. Wallen, Warren L. Kern, Los Angeles, Cal., for defendants.

## OPINION

WEBER, Chief Judge.

In this action Plaintiff claims infringement of his Patent No. 4,029,316 called "Game Ball." The present patent is limited to the ball which was employed together with a mitt in a game for which plaintiff was issued patent No. 3,999,748, which we held invalid for obviousness in prior proceedings in related cases.

The ball patent in issue here is defined by its claim as follows:

"1. A ball adapted to stick to a target of burr adherent material, said ball consisting of two intersecting rims of impact resistant plastic in planes at right angles to each other, means for fixing said rims in the aforesaid relation, each of said rims having a substantially flat rigid outer surface and tapes having a substantially nonstretchable backing and a face of synthetic burr material with the backing adhered to said flat surfaces and with the face outermost whereby a ball contacting a target of burr adherent material is held against said target."

Claim 1, above, is alleged to be infringed, as well as dependent claims 2, 3, and 6.

Defendants in Civil Action No. 77–143 Erie now move for partial summary judgment of invalidity of Claims 1, 2, 3 and 6 of Patent No. 4,039,316. While we had previously held Patent No. 3,999,748 invalid for obviousness in Civil Action No. 77–132 Erie, we did not grant summary judgment with respect to the infringement claims under Patent No. 4,039,316 in that case because the infringement claims under that patent were still pending in Civil Action No. 77–143 Erie and such action would not have achieved judicial economy with the present claims still pending. The present motion puts the validity of Claims 1, 2, 3 and 6 of Patent No. 4,039,316 in both cases before the Court for summary consideration of the claim of obviousness.

Games using the principle of the adhesion of a burr-like projectile with fabric were in use for over 50 years prior to the claimed date of plaintiff's invention. The Chaffin Patent No. 740,397 (1903) and the Kruse Patent No. 1,538,640 (1925) describe these.

The DeMestral Patent No. 2,717,437 (1955) introduced a new type of fabric with a hook and loop type nap that would serve the function of a natural cocklebur to provide adherence, and this was adapted for use in the prior games.

In 1959, Lemelson filed an application for a patent utilizing Velcro for such games which was issued as Patent No. 3,032,345 in 1962. Lemelson illustrated 3 types of projectiles covered with Velcro, a dart with a flat tip covered by Velcro (Fig. 1), a dart with a round tip covered by Velcro (Figs. 3 and 4) and a ball to whose surface were attached several small circular patches of Velcro material.

The Court of Appeals for the Seventh Circuit upheld a summary judgment of the District Court that the Lemelson patent was invalid for obviousness. *Censtable Products Inc. v. Lemelson*, 591 F.2d 400 (7th Cir. 1979).

Thus, the concept of a game using a fabric target or a mitt and a projectile or ball covered in some part by Velcro to achieve adhesion is obvious and well established in the prior art, as we have held in the cases related to the present action involving the ball and mitt patent.

The present patent claims at issue here involve a claim of much smaller scope. They involve the manner of placement and the method of attachment of the Velcro

fabric to the balls. They involve two circumferential rims raised above the surface of the ball intersecting each other in planes at right angles to each other, the rims having flat treads in the transverse direction allowing for better adhesion of the Velcro material to the face of the ball.

What plaintiff achieved by his adaptation was a means by which a strip of Velcro will more readily adhere to the spherical surface of a ball. It is readily apparent on inspection by an untrained layman that a material such as a strip of Velcro which is flexible in only one dimension will not bend sufficiently in both directions to fit smoothly on a completely spherical surface. This becomes evident if one applies a strip of Scotch Tape to the circumference of a ping pong ball, as was illustrated by an exhibit here. The tape will bunch up and overlap at its outer edges and adhere only in its middle along the longitudinal circumference of the ball. As stated by Plaintiff's counsel in his affidavit in support of his Petition to Make Special, (p. 2):

"A feature of Magic Ball Toss, claimed in a limited manner in Applicant's prior patent 3,941,383 and broadly in this Application, is the *flat treads* to which the Velcro tape is applied. The flat treads give best adhesion at the edges of the tape while the Velcro tape when applied to a spherical ball gives its worst adhesion at the edges. *The flat treads are novel.* The ball of Patent 3,941,383, the balls of this Application and the Magic Toss Ball are functionally the same. Neither the player, the Velcro tape nor the target can tell the difference between the balls." (emphasis supplied).

Defendant's evidentiary material includes the declaration under oath of John H. Stern, an industrial engineer who was engaged in the field of packaging for 25 years. He recites and gives several illustrations of the assembly and packaging of toys and other products in which the adhesion of a label or a component to a spherical surface has been employed. He states that this is an application of a well-known principle that to have two surfaces adhere to each other they must be made to conform or fit to each other. He recites and supplies a picture of a toy developed in 1972 involving a spherical motorcyclist helmet. To make a stripe of colored plastic adhere to the helmet, a flattened groove or indentation was made in the helmet. Similarly, he illustrates the flattening of the eyeball area of a toy pony so that a plastic patch could be glued on to avoid the cost of painting a black and white spherical eyeball.

The deponent also calls attention to the practice of the container industry in attaching flat, unstretchable labels to a flattened portion of wavy, spherical, concave or ribbed surfaces of the containers. These flattened portions are in the form of cylindrical rims or treads on the otherwise spherical surface.

The specific application of the flat recessed groove to accommodate the Velcro material to a ball is illustrated in the Derrington Design Patent Des. 244,560, which Derrington applied for in September 1975. Derrington's declaration recites that he began development of this Velcro target game in 1974, and began selling it in 1975. In January of 1975, he placed orders with a manufacturer in Hong Kong to produce these balls with flat indented surfaces for the application of Velcro. The Velcro was attached in the United States. The ball differs from plaintiff's in that it has 3 flattened semi-circular strips on the spherical surface and three flattened circular areas where the Velcro is attached. In September 1975, he applied for the design patent on the ball. Derrington avers that he had no knowledge of the ball designed by the plaintiff or of the alleged infringing balls at Placo Company. He avers that it was not a matter requiring much thought for him to decide to construct a ball with flattened indentations so that the Velcro, which was available in strip form, would adhere properly to the ball and be placed on each ball in the same position.

Bernard J. Cagan, of the defendant firm Placo, avers that his company, having noticed the increasing use of Velcro for dart and target games for several years, decided

in 1975 to develop a target game using Velcro covered balls. He notes that in 1973 Synergistics Research Corporation began using lightweight plastic balls on which were placed closely spaced small, wedge-shaped strips of Velcro. Because of the expense of the Velcro material and the expense of cutting it into small wedge-shaped pieces, he was assigned to designing a cheaper and yet effective ball. He decided to use two strips of Velcro around the circumference of the ball and at right angles to each other. This used much less Velcro than the Synergistics game. It was obvious to him that to make the Velcro adhere to the spherical surface of the ball, the contact area would have to be flattened. His solution was two intersecting flat rims raised slightly above the surface of the ball. This made for better contact between the Velcro and the target. Thus, the Velcro fit smoothly to the ball and adhered to the target. He recites that he came to the conclusion that the Velcro must be applied to a flat transverse surface in a short time. This ball was produced and sold by Placo in 1976. Cagan avers that he was not aware of any similar ball with a flattened rim used in a target game at that time, and was unaware of plaintiff's ball until he received notice of infringement in 1977.

Thus, the application of Velcro to dart or missile games was well known to the art prior to 1973. Velcro's application to a ball as a circular patch was illustrated by Lemelson in 1962; the affixing of a label or other material of one-dimensional flexibility to a spherical surface was used in a variety of applications involving a transversely flattened surface long before 1973. We find these probative of the obviousness of the idea in an art in which the level of skill required is minimal.

The deposition testimony of Mr. Mates, who was employed by the manufacturer of Velcro, has also been offered, together with exhibits to show that two products were offered on the market in the 1960's employing a molded circular plastic tube covered with Velcro which was placed over a cylindrical piece in order to allow it to adhere to a fabric. One application of this was to a pencil to make it adhere to a telephone on which a piece of looped fabric had been attached. The other was a hair curler on which a narrow band of Velcro was attached. The Velcro kept the hair attached to the roller. The site of the attachment of the Velcro was flattened along the cylindrical surface of the curler.

Mr. Mates testified that the attachment of Velcro by adhesives to a flat surface was known to the Velcro manufacturer ever since 1958 when fabricators of products began to attach Velcro strips to products other than by sewing.

In addition to the fact that the use of a flat surface for the adhesion of Velcro to spherical shapes was well known in the art prior to 1973 it is also apparent that Derrington, whose design patent is referred to above, and Cagan, both independently and contemporaneously developed a ball for a Velcro target game which incorporated the flattened rim principle for attachment of Velcro to a plastic ball. Cagan employed two raised flat rims to accommodate two strips of Velcro at right angles to each other and Derrington's design contains 3 flat indentations spaced at 120° angles from each other. The sworn declarations of Cagan and Derrington establish that they came to these conclusions independently and contemporaneously with Mr. Clarke and without knowledge of his claims.

■ Evidence of independent contemporaneous development, while not conclusive, is highly persuasive of the obviousness of the invention. *Felburn v. New York Central R. Co.*, 350 F.2d 416 (6th Cir. 1965).

". . . trial and success, at least where the same solution has been independently reached by a number of others almost immediately after the problem arose, (may) be the best evidence of obviousness."

*Schimizzi v. Chrysler Corporation*, 462 F.Supp. 630, at p. 639 (S.D.N.Y.1978).

While the plaintiff argues the prior right to the patent, we are not dealing with that question, but rather the obviousness of the claimed invention. Although the parties

concede the plaintiff's claimed date of invention in 1973, the case law on obviousness relates to ideas developed independently by different designers both before and after the filing date of claimant's patent. *Hazeltine v. General Motors Co.*, 38 F.Supp. 880 (D.Del.1941), *affd.* 131 F.2d 34 (3d Cir. 1942). Thus we are not dealing with the patent rights of the first to file because others made the same invention independently, but are rather led to the conclusion by these facts that the claimed invention was obvious in the light of the prior art and the level of skill required.

Plaintiff admits that Lemelson's patent shows circular patches of Velcro attached to a ball and that the Regent's game produced in the 1960's shows two strips of Velcro around the surface of a ball at right angles to each other. He argues that the Regent's ball shows essentially what is shown in Claims 1, 2, 3 and 6 of the Game Ball Patent No. 4,029,316 except that the Regent's ball does not disclose two intersecting flat rims at right angles. The distinction to be drawn is that the Regent's circumferential strips are not complete circles, or as he expresses it, "rims". Regent's ball did not disclose a flat surface on the ball in the area where the strips are attached. Plaintiff does admit that flattening is an old expedient for obtaining better adherence.

Plaintiff's final argument is that his "idea is to make a ball a non-spherical ball *consisting of two intersecting rims.* This eliminates the spherical surface problem completely." He argues that Derrington's three semi-circular grooves or indentations do not constitute "rims".

Given that the application of Velcro to target games and baseball mitt games was well established prior to plaintiff's claim of invention, the essential novel feature of plaintiff's claimed in the "Game Ball" patent was the flat tread on the surface of the ball to which the Velcro was applied. Plaintiff so stated in his Petition to Make Special to the Patent Office to speed up his application . . . ." The flat treads are novel."

Plaintiff attacks the supporting evidentiary material presented with Defendant's motion. He points out discrepancies in minor, non material matters, and the lack of certain corroborative material. These do not essentially impair the value of the evidentiary material supplied. They do not raise a genuine issue of material fact.

As we have noted before, the minimal level of skill in the art, and the widespread prior adaptation of the principle which plaintiff claims as novel are clearly apparent. There is no need of testimony, either expert or otherwise, to illustrate the contentions here. The court has the advantage of a multitude of drawings and photographs of the various products cited and the additional advantage of physical examination of samples of all the exhibits.

From all this we conclude that a ball or sphere with either grooves or indentations or raised ridges around its circumference which are flattened in their transverse direction, to allow for the adherence of strips of Velcro, which is not flexible in both dimensions, is obvious, in view of the prior art of attaching adhesives to spherical surfaces. We further find that the claimed element of novelty was obvious in view of the prior art in the use of Velcro for ball and dart games and the general practice in industry of flattening curved surfaces to provide adhesion for non-flexible attachments.

Whether the alleged infringement is by means of indented grooves or by raised rims seems immaterial here, as it was to Plaintiff in filing these suits. Plaintiff claims infringement by the Placo ball in Civil Action No. 77–143 Erie because of the raised flattened surface of the rims, but he claims the same infringement in Civil Action No. 77–132 Erie in the K–Mart ball which utilized flattened indentations or grooves. He, therefore, equates the flattened indentations of the K–Mart ball with the description "rims" as that term is used in his patent, and we find no merit to his present contention that while it may have been obvious to place Velcro on a spherical surface by attaching it to flattened grooves, it

was not obvious to attach the Velcro to raised flattened rims.

We find no inherent difference between flattened raised rims or flattened recessed grooves; nor is there any inherent difference in the use of 3 flattened grooves at 120° angles and 2 flattened grooves or raised rims whose planes intersect at right angles. The heart of the whole matter is that it was obvious to all parties to provide a flat surface on a ball for the adhesion of a strip of Velcro to the ball.

No genuine issues of material fact have been created by the response of Plaintiff to the Motion and disposition by partial summary judgment is appropriate as to the claims in issue.

We therefore conclude that Claims 1, 2, 3 and 6 of Plaintiff's Patent No. 4,029,316 are obvious as applied to the claim of infringement by Defendant K–Mart in Civil Action No. 77–132 Erie, and by K–Mart, Toy World, Joseph Dahlkemper, Inc.; Toys-R-Us; and J. C. Penney Co. Inc. in Civil Action No. 77–143 Erie, and we will grant the motions for Partial Summary Judgment in both of these cases.