Sylvan R. SHEMITZ, Plaintiff-Appellant,

v.

DEERE & COMPANY, INC., Defendant-Appellee.

No. 79–1792.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 7, 1980.

Decided May 28, 1980.

---

Anthony P. Delio, II, New Haven, Conn., for plaintiff-appellant.

George T. Mobille, Washington, D. C., for defendant-appellee.

Before SWYGERT, SPRECHER and BAUER, Circuit Judges.

PER CURIAM.

This appeal is taken by the plaintiff from an order of the district court concluding the invalidity of the patent allegedly infringed and granting the defendant's motion for summary judgment. Measured against the criteria set forth in *Graham v. John Deere Co.*, 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966), the district court determined that the patent in issue was invalid for obviousness under 35 U.S.C. § 103.

Having examined the record, addressed the briefs, and heard oral argument on behalf of the parties, we agree with the district court that the plaintiff has failed to establish a genuine issue of material fact as is required to defeat a motion for summary judgment under F.R.Civ.P. 56(c). Accordingly, for the reasons given in Judge Morgan's Memorandum of Decision, which we adopt as our own and append hereto, the summary judgment for the defendant is affirmed.

AFFIRMED.

APPENDIX

———

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

SYLVAN R. SHEMITZ, )
)
*Plaintiff,* )
*v.* ) No. 78–4032
)
DEERE & COMPANY, INC., )
)
*Defendant.* )

## MEMORANDUM OF DECISION AND JUDGMENT

On May 31, 1979, at hearing thereon, the court announced allowance of defendant's motion for summary judgment herein and promised a memorandum of its reasons therefor. This is that memorandum.

The following facts are not disputed. Plaintiff, Sylvan R. Shemitz (hereafter Shemitz), is a citizen of Connecticut, and since 1963 has been in the business of rendering lighting, design, and consultation services. Defendant, Deere & Company, Inc. (hereafter Deere), is a Delaware corporation having its principal place of business in Moline, Illinois. Jurisdiction by the court over both of the named parties and over the subject matter of the patent infringement complaint and counterclaim for declaratory relief is uncontested.

This action was instituted by a complaint filed by Shemitz on July 13, 1978, charging Deere with infringement of his United States Patent No. 3,389,246, granted June 18, 1968, on an application, Serial No. 521,-068, filed January 17, 1966. Said patent is hereafter referred to as the Shemitz patent. The basis for the charge of infringement is that Deere purchased certain illuminated wall partition dividers alleged to infringe the Shemitz patent and is using same in its corporate headquarters. Although the said patent contains three claims, the charge of infringement is only to claims 2 and 3 thereof.

Deere answered and counterclaimed, seeking a declaratory judgment that the Shemitz patent is invalid and not infringed by Deere. Shemitz filed his reply to said counterclaim, denying the allegations thereof. Deere contends, *inter alia,* that Shemitz patent claims 2 and 3 are invalid, pursuant to 35 U.S.C. § 103, because the differences between the claimed subject matter and the prior are are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which such subject matter pertains. The alleged invention was made in 1965, i. e., it was conceived in April, 1965, and was reduced to practice in September, 1965. The art involved is room and desk top illumination in relation to room dividing.

The claimed subject matter essentially pertains to a room divider partition that divides a room into work areas while at the same time providing direct illumination over a desk or the like positioned adjacent thereto, as well as indirect illumination of the remaining room area by means of a light fixture mounted in a frame overhanging a portion of said partition and of a height lower than normal standing eye height but higher than normal seated eye height of an adult person. A reflector is included in the light fixture to assist in directing the light emanating therefrom.[1]

---

1. Claims 2 and 3 of the Shemitz patent read as follows:

"2 A room divider partition for dividing a room having a floor into work areas, at the same time providing direct illumination over a desk or the like positioned adjacent thereto and simultaneously providing light for indirectly illuminating the remainder of the room, the room divider having a divider partition panel means, a frame extending and supported along substantially the entire length of the divider partition panel means, said frame overhanging a portion of the divider partition panel means, the frame open on the bottom and top thereof, and illuminating means positioned and supported in said frame, a member selected from the class consisting of deflector and reflector means supported by said frame, the height of the frame from the floor on which the partition is positioned such that it is lower than the normal standing eye-height but higher than the normal seated eye-height of an adult person.

"3 A room divider partition for dividing a room having a floor into work areas, at the same time providing direct illumination over

APPENDIX—Continued

The prior art relied upon by Deere to demonstrate obviousness constitutes admissions by Shemitz; a carrel-divider construction publicly used at the Reed College Library, Portland, Oregon, as early as October 10, 1963; and United States Patent No. 1,457,061 granted May 29, 1923, to E. F. Guth.

Shemitz admitted during his examination on deposition by defendant's counsel that he did not consider himself to be the first person to have devised a room divider providing direct illumination overhanging a desk while simultaneously providing light that contributes to the indirect illumination of the remainder of the room; nor does Shemitz consider himself the first person to devise a height for the illuminator in such divider that is lower than the normal standing eye height of an adult person positioned adjacent the divider and higher than the normal seated eye height of an adult person positioned at the desk. If this does not constitute admission that the essential features of the claimed invention were well known in the prior art, the Reed College Library construction appears to this court to demonstrate the obviousness of the claimed invention. It is clear that such construction constitutes a carrel-divider with built-in direct/indirect overhanging fluorescent fixtures open at the top and bottom so as to provide direct local task lighting on the associated desk top area as well as simultaneous indirect general illumination of the remaining room area. Furthermore, the carrel-dividers are of a height such that they are lower than standing eye height but higher than the seated eye height of an adult person using the desk. The Reed College Library lighted dividers, in use since 1963, were not considered by the Patent Office during the prosecution of the Shemitz patent.

The aforesaid Guth patent No. 1,457,061 discloses a lighting fixture attached to a counter providing general illumination of the room in which it is located, as well as illumination of the counter. As stated in the patent, this is accomplished by up-down lighting as in Shemitz, wherein the upwardly directed lighting affords the general room illumination and the downwardly directed light provides localized illumination of the adjacent counter area. Guth is of further significance in providing that the lighting fixture includes adjustable reflectors on both sides of the light, which is an incidental feature of the Shemitz patent claims in issue. The Guth patent was not cited during the prosecution history of the Shemitz patent application.

Such prior art, individually or in combination, demonstrates that the differences, if any, between the claimed subject matter of Shemitz patent claims 2 and 3 and the prior art are such that the claimed subject matter as a whole was obvious in 1965, at the time the alleged invention was made, to a person having ordinary skill in the art to which said subject matter pertains. Mr. Shemitz, himself, specified that the art to which his claimed subject matter pertains can be described as "illuminated office furniture and partition systems," and also asserted that the level of ordinary skill in the art at the time of his alleged invention was "knowledge of a table or desk lamp and knowledge of wall, valance, or ceiling lighting." This may be slightly restricted, but seems sufficient to render the claimed invention in claims 2 and 3 invalid, as obvious under 35 U.S.C. § 103.

This court therefore concluded that it had jurisdiction over both the named parties and over the subject matter of the complaint and counterclaim. Rule 56(c),

a desk or the like positioned adjacent thereto and simultaneously providing light for indirectly illuminating the remainder of the room, the room divider having a divider partition panel means, a frame extending and supported along substantially the entire length of the divider partition panel means, said frame overhanging a portion of the divider partition panel means, the frame open on the bottom and top thereof, illuminating means positioned and supported in said frame, and a member selected from the class consisting of a reflector and a baffle supported by said frame, the height of said frame is between about 4.5 feet to 5.6 feet above the floor on which the partition is positioned."

APPENDIX—Continued

F.R.Civ.P., provides in pertinent part that a motion for summary judgment should be rendered "forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56 applies to patent cases and is used where, as here, the structure and mode of operation of the invention described and claimed in the patent may be readily comprehended by the court without need for technical explanation by expert witnesses and in such circumstances; if said invention is found invalid because of the prior art, then summary judgment is proper. *Research Corporation v. Nasco Industries, Inc.*, 501 F.2d 358, 361–362 (7th Cir. 1974), *cert. denied*, 419 U.S. 1096, 95 S.Ct. 689, 42 L.Ed.2d 688 (1974). Validity of patent claims is not immune from disposition on motion for summary judgment even though, in addition to prior art patents, deposition testimony and affidavits are involved, if no genuine issue of material fact is present. *A R Inc. v. Electro-Voice, Incorporated*, 311 F.2d 508, 511 (7th Cir. 1962).

 35 U.S.C. § 282 provides that an issued patent shall be presumed valid. However, where, as here, the anticipating prior art was not before the Patent Examiner, there is no longer such a presumption. *Rockwell v. Midland-Ross Corp.*, 438 F.2d 645, 650 (7th Cir. 1971). 35 U.S.C. § 103 provides that "A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." Obviousness must be evaluated under the standards adopted by the United States Supreme Court in *Graham v. John Deere Co.*, 383 U.S. 1, 17, 86 S.Ct. 684, 693, 15 L.Ed.2d 545 (1966), requiring an evaluation of the scope and content of the prior art at the time of the invention, the differences, if any, between the prior art and the claims at issue, and the level of ordinary skill in the art. *Centsable Products, Inc. v. Lemelson*, 591 F.2d 400, 402 (7th Cir. 1979); *Research Corporation v. Nasco Industries, supra* at 361.

 Measured against those criteria, the subject matter of the claims at issue was clearly obvious at the time the invention was made, to a person having ordinary skill in the art to which said subject matter pertains, so that summary judgment by reason of the provisions of 35 U.S.C. § 103 is appropriate. *Centsable Products, Inc. v. Lemelson, supra; Research Corporation v. Nasco Industries, Inc., supra* at 360–362; *A R Inc. v. Electro-Voice, Inc., supra* at 511–512; *Davison Chemical Corp. v. Joliet Chemicals*, 179 F.2d 793, 794–795 (7th Cir. 1950), *cert. denied*, 340 U.S. 816, 71 S.Ct. 45, 95 L.Ed. 599 (1950); and *Hancock Laboratories, Inc. v. American Hospital Supply Corp.*, 199 USPQ 279, 283–284 (N.D.Ill. 1978).

Invalid patent claims cannot be infringed, and therefore the counterclaim for declaratory judgment, that Shemitz patent claims 2 and 3 are invalid and not infringed, must be granted in all respects, with a recovery of costs against the plaintiff. The law is with the defendant and against plaintiff on the complaint and answer, as well as on the counterclaim and reply to said counterclaim.

Accordingly, IT IS ORDERED that claims 2 and 3 of the Shemitz patent are invalid and not infringed, judgment is entered in favor of defendant and against plaintiff on the complaint, answer and counterclaim, with costs against the plaintiff.

Robert D. Morgan
United States District Judge

Entered: June 6, 1979

Nunc Pro Tunc May 31, 1979