**MEDICAL LABORATORY AUTOMA-
TION, INC., a corporation,
Plaintiff-Appellant,**

v.

**LABCON, INC., a corporation, and Ways
and Means, Inc., a corporation,
Defendants-Appellees.**

No. 80–2468.

United States Court of Appeals,
Seventh Circuit.

Argued June 12, 1981.

Decided Dec. 29, 1981.

Anthony J. Janiuk, Emrich, Root, Lee, Brown & Hill, Chicago, Ill., for plaintiff-appellant.

Hugh D. Finley, Martin Majestic, Phillips, Moore, Weissenberger, Lempio & Majestic, San Francisco, Cal., Thomas Smith, Lee, Smith & Jager, Chicago, Ill., for defendants-appellees.

Before CUMMINGS, Chief Judge, FAIRCHILD, Circuit Judge, and EAST,* District Judge.

EAST, Senior District Judge.

Medical Laboratory Automation, Inc. (MLA) appeals the District Court's summary judgment entered on September 15, 1980 and holding MLA's patent invalid for obviousness. We note jurisdiction under 28 U.S.C. § 1291 and affirm.

I.  *Background*

In August, 1972, MLA filed for the patent at issue, claiming an invention by one Scordato and others for a stackable tray to

---

* Honorable William G. East, Senior United States District Judge for the District of Oregon, is sitting by designation.

1. 35 U.S.C. § 103 provides:
   A patent may not be obtained ... if the differences between the subject matter sought to be patented and the prior art are

hold pipette tips for use in medical and technical laboratories. The salient features of this claim for purposes of this appeal are that the side of the tray is vertical in its bottom part and inwardly sloping on its top.

In 1977 MLA brought an action for infringement. Before trial, defendants Labcon, et al. (Labcon) moved for summary judgment on several grounds. Pursuant to local rules, the court transferred the matter to a magistrate who recommended that the instant Scordato patent be held invalid for obviousness.[1] In September of 1980, the District Court, 505 F.Supp. 54, entered its Memorandum Opinion and Order, incorporating the magistrate's recommendation, and Judgment Order granting defendants' motion for summary judgment, holding the patent invalid.

II.  *Summary Judgment*

MLA first contends that it was improper for the District Court to grant the motion for summary judgment because factual disputes were present. It correctly notes that the existence of a genuine issue of material fact will preclude a grant of summary judgment. *See Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). MLA urges that such issues existed as to whether the Patent Office considered the most relevant prior art, its scope and content, the difference between it and the invention, and the level of skill in the art.

■  The Supreme Court addressed the obviousness requirement in *Graham v. John Deere Co.,* 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). There it stated:

   While the ultimate question of patent validity is one of law, [citation], the [35 U.S.C.] § 103 condition ... lends itself to several basic factual inquiries. Under § 103, the scope and content of the prior art are to be determined; differences be-

---

such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

tween the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background, the obviousness or nonobviousness of the subject matter is determined.

*Id.*, at 17, 86 S.Ct. at 693. Thus, if there are genuine material issues of fact regarding these preliminary questions, summary judgment would be improper. These issues are not always in dispute, however, and summary judgment can sometimes be appropriately invoked in patent proceedings. *Research Corp. v. Nasco Industries, Inc.*, 501 F.2d 358, 361 (7th Cir.), *cert. denied*, 419 U.S. 1096, 95 S.Ct. 689, 42 L.Ed.2d 688 (1974).

Here, we have carefully examined each of MLA's claimed issues of fact and find that they are either not truly disputed, or that the dispute is immaterial to the conclusion of obviousness. MLA's first alleged factual issue, whether the Patent Office considered the most pertinent prior art, is the closest question.

### A. *Pertinent Prior Art*

The Patent Examiner considered a number of items of prior art, as indicated by the references on the file wrapper. Principal among these were Roach, a tray hand-filled with pipette tips; Shapiro, indicating layered, nesting, ice cream cones; and Cooke, et al., showing a micro-filtration tray with shoulders on each tray to permit stacking. It also cited Cease's French patent to show nesting of trays. Not cited by the Patent Examiner but also conceded by both parties to be prior art are Thomas, showing stacking communion trays, and Cohen, showing stacked trays of nested pipette tips, without the benefit of inwardly sloping upper walls and tray shoulders. The Cohen structure, also developed within MLA, is particularly relevant and central to whether there exists a material fact about the prior art considered.

The potential question of fact is whether the Examiner considered the Cohen structure as prior art notwithstanding the absence of any reference to it on the Scordato file wrapper. This is relevant to existence or weight accorded to the presumption of validity of patents. 35 U.S.C. § 282.[2] MLA notes that the Cohen application was pending at the time the Scordato application was considered, and also claims that the same Examiner addressed both applications. From this, and Patent Office procedures, MLA argues that the Examiner must necessarily have considered the effect of the Cohen structure on Scordato and decided it did not defeat the application. MLA explains the absence of any reference to Cohen as either an unnecessary equivalent citation or as an attempt to preserve the confidentiality of the pending Cohen application.

■ This court's decisions are clear that we may not safely assume that the Examiner considered an example of prior art if it is not cited. We can only presume, in the absence of evidence to the contrary, that it was overlooked. *Chicago Rawhide Mfg. Co. v. Crane Packing Co.*, 523 F.2d 452, 458 (7th Cir. 1975), *cert. denied*, 423 U.S. 1091, 96 S.Ct. 887, 47 L.Ed.2d 103 (1976); *Milton Mfg. Co. v. Potter-Weil Corp.*, 327 F.2d 437 (7th Cir. 1964).

■ Here, MLA contends that it has shown circumstances from which it could be inferred that the Examiner took Cohen into consideration in deciding that Scordato was not obvious, and that resolution of that issue in its favor would preserve the presumption of validity vis-a-vis Cohen. Because, as later made plain, we deem it obvious notwithstanding the presumption, the issue whether the Examiner considered Cohen ceases to be material.

### B. *Other Claimed Issues of Fact*

In *Graham*, the Supreme Court confirmed that the legal question of obviousness must

---

2. 35 U.S.C. § 282 provides, in part:

A patent shall be presumed valid. Each claim of a patent (whether in independent or dependent form) shall be presumed valid independently of the validity of other claims; dependent claims shall be presumed valid even though dependent upon an invalid claim. The burden of establishing invalidity of a patent or any claim thereof shall rest in the party asserting it.

be answered on the factual findings regarding prior art, its differences from the disputed patent, and the level of skill in the art. If there are genuine issues of fact on any of these three inquiries summary judgment would be improper.

■ MLA and Labcon appear to agree on what constitutes the relevant prior art. Roach, Shapiro, Cooke, Cease, Thomas, and especially Cohen speak to this patent, and are easily discernible from their drawings and descriptions. Thus, no expert testimony regarding their scope and content are necessary. *Lee Blacksmith, Inc. v. Lindsay Bros., Inc.*, 605 F.2d 341, 344 (7th Cir. 1979); *Research Corp. v. Nasco Industries, Inc.*, 501 F.2d at 362. Similarly, the nature and scope of the present patent is not complicated or overly technical. We have recently noted that "if the differences between the patent in suit and the prior art are such that the subject matter as a whole is obvious to a lay[person], a determination of the level of skill on the basis of expert testimony in the pertinent art would be useless." *Lee Blacksmith*, 605 F.2d at 344. We believe that the differences argued here, and this subject matter as a whole, can fairly be described as obvious to the layperson. As such, no expert testimony was necessary and the threshold issues were not materially in dispute. *See Research Corp.* Thus, we find no genuine issues of fact present before the District Court and agree that summary judgment was a proper avenue for disposition of this case.

### III. *Decision on the Merits*

#### A. *Obviousness*

MLA argues that the presumption in favor of validity of patents should attach here, that Labcon has failed to overcome this presumption, and that the District Court erred on the merits in granting Labcon's motion for summary judgment. MLA attacks the reasoning of the District Court, arguing omissions and errors in its analysis.

■■ MLA correctly notes the statutory presumption that an issued patent is valid.

35 U.S.C. § 282.[3] As applied, this presumption requires one challenging a patent to show its invalidity by "clear and convincing evidence." *Reese v. Elkhart Welding and Boiler Works, Inc.*, 447 F.2d 517, 526 (7th Cir. 1971). However, the presumption and its commensurate level of proof is "largely, if not wholly, dissipated" when pertinent prior art is not considered by the Patent Office. *Chicago Rawhide*, 523 F.2d at 458.

■ The presumption of validity never becomes so strong that it is unchallengeable. *Id.* Even when the Examiner considers all the relevant prior art or its equivalent, when the patent and the prior art are before the District Court, and it is clear to the court that the patent at issue is obvious in light of that prior art, it will hold the patent invalid. To do otherwise would be to abdicate the responsibility to judicially review patents in the context of infringement cases. We believe the obviousness of the Scordato patent here is clear and convincing, overcoming the presumption even were it applicable.

■ Turning to the instant Scordato patent itself, the only new feature it offers is its inwardly sloping walls. Trays of pipettes had been stacked before, though not independently, in Cohen. Trays had been independently stacked in Thomas, Cease, and particularly in Cooke. The District Court also noted that plastic molding necessitated sloping sides to permit easy extraction from the mold (a concept known as drafting). This would further act to suggest the design to one skilled in the art. We conclude that the District Court correctly found that Scordato's design was obvious in light of the prior art.

#### B. *Other Contentions*

■ MLA raises several other minor objections to the District Court's action which we also reject. MLA contends that the court erroneously failed to consider secondary evidence of non-obviousness: Failure of others in the art to create this design and

---

**3.** *See* note 2, *supra.*

 

copying of the design once it had been marketed by MLA. Although such secondary considerations may provide evidence of obviousness or non-obviousness, *Graham*, 383 U.S. at 17–18, 86 S.Ct. at 693–694, they only need be considered in close cases. *Republic Industries v. Schlage Lock Co.*, 592 F.2d 963, 975–76 (7th Cir. 1979). We conclude that the sloping walls of the Scordato design is sufficiently obvious that it was not necessary for the District Court nor is it necessary for this court to examine the secondary evidence suggested.

MLA also suggests that the District Court misconceived the Scordato invention. MLA points to the court's references to the draft concept and to language concerning the inwardly sloping walls as the sole independent claim. Although the District Court may have, as an alternative holding, viewed the sloping walls as merely a variation to facilitate plastic molding, we do not believe this detracts from the court's principal conclusion of obviousness. The principal improvement in Scordato was the inwardly sloping wall. The District Court need not adopt the exalting language of the inventor's expert to demonstrate that it has an understanding of the device at issue. Here it was quite clear from the claim and the drawings what the design encompassed. We remind the appellant that "the claims of a patent limit the invention." *United States v. Adams*, 383 U.S. 39, 48–49, 86 S.Ct. 708, 712–713, 15 L.Ed.2d 572 (1966). *Accord, Laser Alignment, Inc. v. Woodruff & Sons, Inc.*, 491 F.2d 866, 872 (7th Cir. 1974) (claims of the patent are the measure of its grant). Nor do we believe the District Court's mistaken reference to synergism belies a misunderstanding of the decisive issue of obviousness. A court's conclusion concerning the synergistic effect of an invention is irrelevant when determining obviousness. *Lee Blacksmith, Inc.*, 605 F.2d at 343 n. 3, *citing Republic Industries.* Thus, it had no bearing on the court's conclusion that the Scordato patent was obvious. We believe the District Court properly conceived the Scordato design.

CONCLUSION

We conclude that the Scordato patent is invalid as obvious to one skilled in the art in light of what has come before.

The summary judgment entered by the District Court is Affirmed.