THE DIVERSEY CORPORATION,
Plaintiff-Appellant,

v.

CHARLES PFIZER AND CO., Inc.,
Defendant-Appellee.

No. 12155.

United States Court of Appeals
Seventh Circuit.

May 9, 1958.

Rehearing Denied June 10, 1958.

Charles J. Merriam, Samuel B. Smith, Ronald J. Adams, Chicago, Ill., for plaintiff-appellant, Merriam, Lorch & Smith, Chicago, Ill., of counsel.

Arthur G. Connolly, Wilmington, Del., W. J. Marshall, Jr., Haight, Lockwood & Simmons, Chicago, Ill., Charles F. Hagan, Brooklyn, N. Y. (Werner H. Hutz, Wilmington, Del., of counsel), for appellee.

Before FINNEGAN and PARKINSON, Circuit Judges, and MERCER, District Judge.

PARKINSON, Circuit Judge.

The plaintiff, an Illinois corporation, hereinafter referred to as Diversey, instituted suit in the District Court for the Northern District of Illinois, Eastern Division, against the defendants Charles Pfizer and Co., Inc., a Delaware corporation, hereinafter referred to as Pfizer, and Dr. Pepper Bottling, Inc., an Illinois corporation, hereinafter referred to as Pepper.

The complaint charged both defendants with infringement in the district

where filed of plaintiff's patent No. 2,-615,846 and defendant Pfizer with additional infringement elsewhere.

On the day Diversey filed its complaint it also filed a motion, with supporting affidavit of Clarence B. Jones, for leave to take the depositions of Carl E. Lanning, Connie McGrath, Frank W. Wilson and George A. Veeder within twenty days after the commencement of the action.

Twenty-two days after Diversey filed its complaint it filed an amendment dismissing the defendant Pepper.

Pfizer filed its answer in admission and denial and affirmative defenses of non-infringement, misuse and unclean hands. Subsequently, by stipulation of the parties, Pfizer was permitted to file a counterclaim for a declaratory judgment declaring Diversey's Patent No. 2,615,846 invalid, unenforceable and not infringed and seeking to enjoin Diversey from interfering with its sales of sodium gluconate.

Trial was to the court. The District Court entered its findings of fact and conclusions of law. It found and concluded that Diversey came into court with unclean hands; that the patent in suit was invalid over the prior art; that it was invalid due to double patenting; and that the alleged patent had not been infringed by Pfizer but rather had been misused by Diversey. Judgment was entered accordingly. Diversey's complaint was dismissed and Diversey was enjoined from suing or threatening to sue Pfizer or any of its customers or potential customers for infringement, due to sale or use of Pfizer's sodium gluconate or gluconic acid, of Patent No. 2,615,846, the patent in suit, and also Patent No. 2,584,017, the so-called "parent patent". This appeal followed.

The District Court entered judgment, *inter alia*, dismissing Diversey's complaint because of unclean hands. This portion of the judgment was based on Conclusions of Law Nos. 2 and 3 which were founded upon Findings of Fact Nos. 14, 15, 16, 17 and 18.

The undisputed evidence is that Diversey, acting through its secretary and general counsel, Clarence B. Jones, and its vice-president in charge of sales, Bland B. Button, Jr., purposely contacted George Veeder, owner of Pepper, to induce him to infringe, within the Northern District of Illinois, the patent in suit with Pfizer as a contributory infringer. At the solicitation of Jones and Button, Veeder agreed and made contact by telephone with Pfizer and talked with a Mr. Hill. Veeder told Hill he would like to get all the information he could on the uses of sodium gluconate and that he probably would purchase some from Pfizer. Hill said he would send someone to call on Veeder and, at Veeder's request, sent Carl Lanning, a Pfizer salesman who had solicited Veeder regularly and from whom Veeder had bought citric acid.

The testimony of Veeder and Lanning is in conflict as to whether Pfizer was a contributory factor in the infringement. However, the uncontradicted evidence establishes that Veeder infringed the patent in suit at the specific request and solicitation of Diversey with the understanding that his company was to be joined as a co-defendant in the action to be subsequently instituted by Diversey; that he was to testify as a witness for Diversey; that he was to request Pfizer to assume Pepper's defense; and that if Pfizer refused Pepper was to be dismissed from the suit.

The motion of Diversey, supported by the affidavit of Clarence B. Jones, to take the depositions of Veeder and three other witnesses alleged that the plaintiff had been damaged by the activities of those *four* persons, one of whom was Veeder, and unless the depositions of those persons could be taken at the earliest possible date, steps would be taken by the *defendants* to prevent plaintiff from getting information possessed by them.

Diversey attempts to justify its conduct as being an innocent mistake and argues that the use of the plural, *defendants*, in the motion was simply a typographical error.

The fallacy of this excuse is immediately exposed by the language of the very sentence of which the word "defendants" is a part. That sentence clearly discloses that when Diversey used the word "defendants" that is exactly what it intended to say. The allegation is that Diversey had been damaged by the activities of the four persons named therein—Lanning, McGrath, Wilson and *Veeder*—and it believed that unless the depositions of those four persons could be taken at the earliest possible date, steps would be taken by the defendants to inhibit the plaintiff. That allegation was absolutely false. There are only two defendants, Pfizer and Pepper. The plaintiff had not been damaged by Pepper. The uncontradicted evidence was unequivocally to the contrary. Pepper infringed at the solicitation and request of Diversey. Pepper did what it did working hand in hand with Diversey. It was to be dismissed as a defendant, if Pfizer would not assume its defense, and was to receive free engineering advice from Diversey with the further expectation of a gratuitous year's supply of Diversey's washing materials.

■■ A court of equity will not entertain the suit of one who by deceit or any unfair means has gained an advantage as plaintiff has here. To aid this plaintiff would make the court an abettor of inequity. Bein v. Heath, 1848, 6 How. 228, 47 U.S. 228, 247 [Reprint 241, 261] 12 L.Ed. 416; Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co., 1945, 324 U.S. 806, 814–815, 65 S.Ct. 993, 89 L.Ed. 1381.

It is obvious from this record that the conduct of Diversey was wilful and morally reprehensible. The District Court was justified in finding, as it did, that Diversey was guilty of unclean hands and in dismissing the complaint for that reason.

The contention of Diversey that Pfizer should have pleaded lack of venue and not counterclaimed if Pepper had not infringed is without merit. If the patent in suit was valid Pepper had infringed within the district in which the action was instituted. Pepper did so at the behest of Diversey and the failure of Pfizer to plead lack of venue could, under no circumstances, cleanse the hands of Diversey.

The trial court concluded that the patent in suit was invalid and entered a declaratory judgment accordingly. This conclusion of law correctly followed from Finding No. 12 that prior art patents and publications therein enumerated taught those skilled in the art all essential features of the patent in suit.

■ These patents and publications were in evidence. They were explained by expert witnesses and evidence was introduced by both parties on the subject of prior art. The expert testimony was in conflict. There is, however, ample evidence from which the trial court could find that the patent in suit was invalid over the prior art.

The patent in suit teaches that sodium gluconate prevents calcium precipitation from hard water in the presence of caustic alkali. There is testimony in the record that the prior art teaches that sodium gluconate in the presence of caustic soda will prevent precipitation of hard water constituents and that sodium gluconate is a good sequestering agent for a wide variety of metal compounds or metal salts, including calcium, in the presence of caustic soda.

We cannot hold that the findings of invalidity of the patent in suit over the prior art are clearly erroneous under Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Graver Tank & Mfg. Co., Inc., v. Linde Air Products Co., 1949, 336 U.S. 271, 274–275, 69 S. Ct. 535, 93 L.Ed. 672.

■ Having concluded that we must accept and are bound by the findings of the District Court that the patent in suit is invalid in view of the prior art the infringement issue requires no determination here. An invalid patent cannot be infringed. Cummings v. Moore, 10 Cir., 1953, 202 F.2d 145, 147; Simmons Company v. A. Brandwein & Co., 7 Cir., 1957, 250 F.2d 440, 447.

The judgment from which this appeal was taken included an injunction permanently restraining Diversey from suing or threatening to sue Pfizer or any of its customers or potential customers for infringement of Patent No. 2,615,846, the patent in suit, and also Patent No. 2,584,-017, the parent patent.

The patent in suit being invalid no necessity exists for an injunction restraining Diversey from suing or threatening to sue for its infringement.

 Patent No. 2,584,017 was not in issue under the pleadings in this case. Although we realize that we can consider the pleadings amended under some circumstances, we decline to do so on the record here. Accordingly paragraph 7 of the judgment was erroneously entered.

Therefore, as to paragraph 7 the judgment is reversed. In all other particulars the judgment is affirmed.