HYSTER COMPANY, Plaintiff-Appellant,

v.

HUNT FOODS, INC. and Universal Clamp Co., Defendants-Appellees,

HYSTER COMPANY, Plaintiff-Appellee,

v.

HUNT FOODS, INC. and Universal Clamp Co., Defendant-Appellant.

Nos. 12385, 12386.

United States Court of Appeals Seventh Circuit.
Jan. 14, 1959.

Horace Dawson, Chicago, Ill., for Hyster Co.

Owens J. Ooms, Chicago, Ill., Roy A. Lieder, St. Louis, Mo., for Hunt Foods.

Before MAJOR, FINNEGAN[1] and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

This is an appeal by the plaintiff below from a judgment dismissing its complaint in a patent infringement suit and a cross-appeal by the defendant below, Universal Clamp Co., from a judgment dismissing its counterclaim charging misuse and bad faith.

The patent in suit is reissue patent No. 23,694 of Leslie G. Ehmann, assignor to plaintiff. The patent issued to plaintiff. By stipulation of the parties only claims 1, 5, 6 and 13 are in issue.

Plaintiff is an Oregon corporation. The suit was brought against Hunt Foods, Inc., a Delaware corporation, by reason of its use of the patented structure. Thereafter, defendant Universal Clamp Co., a Missouri corporation, intervened as the manufacturer of the structure used by Hunt Foods and a supplemental complaint was filed making Universal Clamp a defendant.

The patent relates to a "Material Handling Device for Industrial Trucks." The patent specifically relates to a clamp mounted upon the slide block of the truck, the clamp having arms which can be forced together to squeeze an object there between. The object thus held by the arms can then be lifted by the slide block of the truck.

---

1. Judge FINNEGAN participated in the consideration and disposition of this case, voting to affirm, but died before the formal opinion was announced.

The clamp device has two squeeze arms which are supported by slides received within guides carried by the clamp frame. The power for moving the arms is supplied by horizontal cylinders which are attached to opposite sides of the frame and in which are mounted pistons provided with piston rods engaging the squeeze arms. Thus, the selective supplying of pressure fluid to opposite ends of the cylinders produces reciprocation of the pistons and the arms can thus be brought toward each other to squeeze, and away from each other, to release an object.

The trial court held the patent invalid because there was no invention over the prior art in that the patent in suit disclosed the same mechanical elements and principles of the Adde clamp, which Ehmann and other employees of plaintiff had seen prior to the filing of the Ehmann parent patent application, and because Ehmann was not the inventor of the subject matter of the patent in suit.

The patent acknowledges at the outset that clamps for manipulating squeeze arms are old, but asserts that these prior squeeze clamps were subject "to shortcomings and limitations".

Ehmann was employed by plaintiff on April 1, 1947. Until that time he had no knowledge of the lift truck industry nor was he familiar with the art here involved. His conception of the alleged invention of the patent in suit is October 1, 1947. However, prior thereto, and during the summer of 1946, one Joseph A. Adde conceived and developed a device for handling bales of cotton. That device was used for a limited time at the plant of the Memphis Compress & Storage Co. in Memphis, Tennessee to handle and move cotton bales in its regular course of business.

This device had limitations and during the early part of 1947 Adde devised a clamping mechanism having two cylinders in parallel relation one above the other and having pairs of slides horizontally slidable in pairs of guides to permit arms of the clamping mechanism to move inwardly and outwardly. The movement of the arms inwardly was limited by the slides and back bars, which served as bumper guards.

The device was modified by Adde by placing cutouts in the shoulder portion of the squeeze arms in order to permit the slides and back bars to pass through the shoulder portions of the squeeze arms. With this modification, the clamp attachment could be used on the lift trucks to either handle one or two bales of cotton without any adjustment being made upon the clamp attachment and without the operator leaving his position on the truck.

This clamping mechanism was openly used in the day to day operations at Memphis Compress & Storage Co. in moving and handling cotton, including the loading and unloading of box cars, from early July 1947. It was never patented but, of course, it was of the prior art as conceded by plaintiff.

This device was viewed by a Mr. Lightbody, as well as others representing the plaintiff, prior to Ehmann's alleged conception date. Mr. Lightbody made written reports and sent pictures of the clamp to plaintiff's office. The evidence discloses that Ehmann himself saw Adde's structure in operation.

Plaintiff began making its first clamping attachment, as shown in the patent in suit, during the middle of October 1947. In early January 1948 it offered this clamp for sale at Cleveland, Ohio to the public. Plaintiff did not test this clamp attachment as it did all of its other products before offering them for sale to the public. Universal Clamp began the manufacture of the accused clamp attachments in the fall of 1951 and made its first one in March 1952.

As is usual in a patent case both sides tend to lose themselves in a verbal and written barrage of technicalities. We will now attempt to simplify the basic issue here. In 1947 one Joseph A. Adde built a clamp that had two horizontal pistons, one more or less directly above the other, which when extended or retracted hydraulically forced a pair of squeeze arms outwardly or inwardly as

desired. The squeeze arms were stopped by the ends of the piston cylinders in the inward travel and limited by the length of the piston rod in the outward travel. Hence the range of the Adde clamp was directly limited by piston cylinder length. If the cylinders were large then while the arms could be opened comparatively wide they could not be closed to pick up a small object and vice versa. This is the limitation of the prior art to which reference is made in the patent in suit.

The Ehmann clamp, however, by the simple rearrangement of the cylinders so that while still in the same vertical plane, one above the other, were now staggered so that they overlapped only for a short distance at the inner ends and the placing of the squeeze arms on offsets so that they could travel within the limits of the cylinders increased the range through which the clamp could travel.

■ Therefore, while admitting that the Ehmann clamp is an improvement over the Adde clamp, by reason of its greater flexibility, the question still remains as to whether that improvement rose to the dignity of invention. Moreover, in so deciding we must make due allowance for the advantages possessed by the District Court in resolving any conflicting testimony and have no right to substitute our judgment for that of the District Court and set aside its findings of fact in the absence of a showing that they are clearly erroneous. Graver Tank & Mfg. Co. v. Linde Air Products Co., 1949, 336 U.S. 271, 275, 69 S.Ct. 535, 93 L.Ed. 672; Simmons Company v. A. Brandwein & Co., 7 Cir., 1957, 250 F.2d 440, 445. Whether we would have adopted the same findings if we had been the initial trier of the facts is wholly immaterial. Nee v. Linwood Securities Co., 8 Cir., 1949, 174 F.2d 434, 437; The Sirius Star v. Sturgeon Bay Shipbuilding & Dry Dock Co., 7 Cir., 1952, 196 F.2d 479, 482.

The District Court found, *inter alia*, as follows:

"26. The device shown in the patent in suit only differed from the Adde clamp attachment * * * in minor mechanical variations which anyone in the art would have made in making a commercial saleable item. The clamp attachment of the patent in suit followed and utilized the principle and mode of operation of the Adde clamp."

"27. Leslie G. Ehmann is not the inventor of the subject matter of the patent in suit. Any refinements he made in the clamp attachment shown in the patent in suit were obvious and expected by one having ordinary skill in the mechanical art."

■■ There is no patentable invention where "the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C.A. § 103. Nor is a mere change of degree patentable, Simmons Co. v. Superior Felt & Bedding Co., 7 Cir., 1939, 107 F.2d 536, 540, and the presumption of validity of the Ehmann patent was overcome by the evidence that the Adde clamp, as modified, was never before the Patent Office. Hobbs v. Wisconsin Power & Light Company, 7 Cir., 1957, 250 F.2d 100, 105.

Therefore, from the findings of fact of the District Court and the record before us the situation would appear that Ehmann was aware, both by personal inspection and reports and photographs sent to him, of Adde's modified clamp; this clamp had been in open and continued use for some time prior to Ehmann's clamp conception; Ehmann's clamp utilizes the same basic method of operation as that of Adde's modified clamp; the Ehmann clamp is a modification of Adde's modified clamp with certain refinements added thereto; these refinements while adding greater flexibility to the Ehmann clamp were neither new nor unique and were known to the prior art; Ehmann's clamp was designed to meet situations which had never confronted Adde and Adde's modified clamp was never patented.

**134**

Hence we cannot say that the District Court was in error when it held that the patent in suit had been anticipated by the prior art. As appellant itself puts it: "Did Adde make the invention of the Ehmann patent?" To us the answer would appear to be in the affirmative.

As to the counterclaim charging misuse of the patent and bad faith the District Court made findings of fact 30 and 31 reading as follows:

"30. Plaintiff entered into a license agreement with Cascade Manufacturing Company on July 28, 1955 which contained certain provisions which violated the anti-trust laws. In the fall of 1956 plaintiff was advised that said agreement might contain illegal provisions whereupon a new agreement was executed January 4, 1957 and simultaneously the old agreement was cancelled. The new agreement imposes no restraints upon Cascade other than the obligation to pay royalties and was in effect prior to the making of defendant Universal Clamp Company a party defendant. Any restraints imposed by the old agreement of July 28, 1955 were purged and the effects thereof dissipated by the agreement of January 5, 1957.

"31. The court finds that there is not sufficient evidence to support a conclusion of fraud and misuse of patent by the plaintiff. The evidence does not warrant an award of attorneys fees to the defendant."

We have carefully read the entire record and we cannot say that the District Court was in error.

Having concluded that we must accept and are bound by the findings of the District Court that the patent in suit is invalid in view of the prior art the issue of infringement becomes moot. An invalid patent cannot be infringed. Cummings v. Moore, 10 Cir., 1953, 202 F.2d 145, 147; Simmons Company v. A. Brandwein & Co., 7 Cir., 1957, 250 F.2d 440, 447; The Diversey Corporation v. Charles Pfizer And Co., 7 Cir., 1958, 255 F.2d 60, 62. And as it does not appear from this record that plaintiff's action is so vexatious and unjustified as to constitute an exceptional case within the ambit of 35 U.S.C.A. § 285, we believe the District Court correctly dismissed the counterclaim.

The judgment is affirmed.