**HARVESTALL INDUSTRIES, INC. and Vincent B. Steffen, Plaintiffs-Appellants,**

v.

**Levi HOCHSTETLER, et al., Defendants-Appellees.**

No. 80–2646.

United States Court of Appeals, Seventh Circuit.

Argued April 29, 1981.

Decided July 29, 1981.

H. Robert Henderson, Des Moines, Iowa, for plaintiffs-appellants.

H. W. Reick, Grand Rapids, Mich., for defendants-appellees.

Before SWYGERT, Senior Circuit Judge. SPRECHER, Circuit Judge, and WYATT,* Senior District Judge.

SWYGERT, Senior Circuit Judge.

Plaintiffs Harvestall Industries and Vincent B. Steffen appeal from a ruling, upon motion for summary judgment, that found invalid Steffen's patent for a grain elevator floor support. We affirm.

The focus of this controversy is a patent, owned by Steffen and licensed to Harvestall, for a base and support of grain storage bins.[1] The design, by providing for wire-mesh type interlocking metal rods rather than solid concrete blocks as supporting columns, along with a perforated floor, permits the free flow of air throughout the grain bin in order to dry the grain or other crops stored there. The patent was issued to Steffen on February 11, 1969. It contains seven claims, five of which are in independent form, that describe various aspects of this structure.

---

* The Honorable Inzer B. Wyatt, United States Senior District Judge for the Southern District of New York, is sitting by designation.

1. U.S. Patent No. 3,426,445. Drawings of the structure are shown in Appendix A to this opinion.

This action was filed on April 13, 1979, against defendants, who are engaged in the business of manufacturing and selling products used in the construction of grain bins. One such product is a floor support consisting of integrally welded wire rods that is used in conjunction with a perforated floor. The complaint alleged one count of patent infringement, another of trademark infringement of plaintiffs' trademark "AIR FRAME,"[2] and a third count of unfair competition by defendants with respect to that trademark. Defendants denied charges made in each count. They also filed a three-part counterclaim, which alleged that the patent in suit was invalid and unenforceable, because of obviousness and anticipation,[3] and also because of fraud committed on the Patent Office by failing to reveal certain prior art. The other counts of the counterclaim charged Sherman Act violations and fraud upon the Patent Office in connection with the issuance of the trademark. On May 30, 1980, defendants filed a motion for summary judgment on the patent infringement count.[4] The district court held a hearing on the motion on July 18, 1980, after which it requested defendants to submit proposed findings of fact and law. The court held on September 12, 1980, that the patent was invalid.[5] In so doing, it adopted virtually all of the defendants' proposed findings of fact and most of the proposed conclusions of law.

Patent cases are in most circumstances unsuited for resolution upon motions for summary judgment, for they ordinarily involve determinations of fact regarding for example, the scope and content of the prior art.[6] This consideration does not, however, prevent summary judgment in all patent cases. The party opposing the motion must raise some genuine issue of fact that is material to the ultimate issues in the case. Merely raising some issues, the determination of which would not affect the outcome of the case, is not sufficient to withstand a motion for summary judgment.[7] Moreover, in a patent case expert testimony is not always necessary to determine the scope of the prior art or the obviousness of the alleged invention. As noted in *Research Corp. v. NASCO Industries, Inc.*, 501 F.2d 358, 362 (7th Cir.), *cert. denied*, 419 U.S. 1096, 95 S.Ct. 689, 42 L.Ed.2d 688 (1974),

> Rule 56 applies to patent cases and is used in those instances where the structure and mode of operation of the accused device may be readily comprehended by the court and compared with the invention described and claimed in the patent without need of technical explanation by expert witnesses.

For these reasons, this court has recognized that summary judgment may be appropriate in some cases challenging the validity of a patent.[8] This action is one such case, for

2. U.S.Reg. No. 868,902.

3. 35 U.S.C. §§ 102, 103 (1976).

4. The motion stated in pertinent part, "Defendant [sic] is entitled to judgment as a matter of law, that the claims of the patent in suit alleged to be infringed are invalid under 35 U.S.C. § 102 and/or 35 U.S.C. § 103, and that the accused devices do not infringe the patent in suit."

5. Because this ruling was issued before plaintiffs had had the opportunity to comment upon defendants' proposed findings, the court vacated its order of September 12 ten days later. Plaintiffs then filed their response. The court reinstated its original judgment on October 3, 1980. The court denied, on October 15, 1980, a motion by plaintiffs to amend the judgment to invalidate only claims 5 and 7 of the patent instead of the entire patent.

6. *See Graham v. John Deere & Co.*, 383 U.S. 1, 17, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966).

7. *Beatrice Foods v. Tsuyama Mfg. Co.*, 619 F.2d 37 (7th Cir. 1979); *A R, Inc. v. Electro-Voice, Inc.*, 311 F.2d 508, 511 (7th Cir. 1962).

8. *See, e. g., Shemitz v. Deere & Co.*, 623 F.2d 1180 (7th Cir. 1980); *Beatrice Foods v. Tsuyama Mfg. Co., supra; Centsable Products, Inc. v. Lemelson*, 591 F.2d 400 (7th Cir. 1979), *cert. denied*, 444 U.S. 840, 100 S.Ct. 79, 62 L.Ed.2d 52 (1980); *Super Products Corp. v. D P Way Corp.*, 546 F.2d 748 (7th Cir. 1976); *Research Corp. v. NASCO Industries, Inc.*, 501 F.2d 358 (7th Cir.), *cert. denied*, 419 U.S. 1096, 95 S.Ct. 689, 42 L.Ed.2d 688 (1974); *A R, Inc. v. Electro-Voice, Inc., supra. See also* Moore's *Federal Practice*, ¶ 56.17[44] (1980).

plaintiffs raise no material issues of fact, and no expert testimony is necessary to illuminate the court on the design in dispute.

 Plaintiffs raise three issues that they contend to be material questions of fact, but none of them warrants a trial in this case. They first contend that there is a significant dispute concerning the correct level of ordinary skill in the prior art under 35 U.S.C. § 103. That section provides in pertinent part,

> A patent may not be obtained ... if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. . . .

The level of skill in designing grain storage bins in 1964, the time of the invention of the patent in suit, is therefore relevant to a determination regarding the obviousness of the patent. In the district court, plaintiffs argued that the proper level of skill was that of a high school graduate with a journeyman's experience. Defendants contended, on the other hand, that the appropriate level was that of a graduate mechanical engineer. While the parties disagree on this matter, the dispute does not prevent the granting of summary judgment in the case. As the district court's order noted,

> Even if the Plaintiffs' level of skill in the art as that being of a high school graduate with a journeyman's experience in working with metal grain bin drying equipment is accepted for purposes of

this Motion for Summary Judgment, it is clear from the prior art of record that the invention as defined by claims 5 and 7 would have been obvious to a person with such a level of skill at the time of invention.

This conclusion is not clearly erroneous. The design of the patent is not particularly sophisticated, nor is it markedly different from the prior art. Any issue of fact about the level of skill is therefore immaterial to the outcome of this case.[9]

██ Similarly, plaintiffs' asserted issue of fact with respect to the scope and complexity of the patent is a false one. Steffen testified in a deposition that the invention was "of fairly simple construction," although it was not "as simple as it might appear," but he asserted in an affidavit in opposition to the summary judgment motion that the patent was complex enough that testimony of expert witnesses would be necessary. Defendants maintain that the construction is simple enough that the court may examine the prior art without the illumination of expert testimony. This disagreement is not one that warrants a trial for its resolution. It is clear that a court may find a patent obvious by its own examination of the patent and the prior art. *Research Corp. v. NASCO Industries, supra; Shemitz v. Deere & Co., Inc.*, 623 F.2d 1180, 1184 (7th Cir. 1980). The scope and complexity of the patent are set out in the terms of the patent claims themselves.[10] Steffen's affidavit may state that the invention is so complex that expert testimony is necessary, but he presents no evidence that is not reflected in the patent or in the prior art. The court needed no further

---

9. Nothing in *Graham, supra*, necessitates a different holding. *Graham* requires a factual determination of the level of ordinary skill only where it would affect the decisions concerning obviousness or anticipation. In this case, the patent is invalid under *either* asserted level of skill.

10. In *Super Products v. D P Way Corp., supra*, p. 756, this court stated,

> The identity of a patented invention, as well as its scope, is determined by the claim or

claims submitted by the applicant and allowed by the Patent Office. . . . Construction of a patent claim is a question of law for the court if extrinsic evidence is not needed to resolve a dispute about terms of art in the claim. *Singer Manufacturing Co. v. Cramer*, 192 U.S. 265 [24 S.Ct. 291, 48 L.Ed. 437] (1904). The dispute in this case is not about a term of art but instead is about the very subject matter of the defendant's claim.

illumination of the patent other than its own examination. It acted properly in deciding the issues of obviousness and anticipation on the basis of the documents before it.

■ Plaintiffs also contend that the district court erred because it determined the scope of the prior art and the relevance of the particular items. Plaintiffs complain that an issue of fact existed as to the nature and the teachings of the prior art, but they do not cite either any relevant prior art that the district court failed to consider or objectionable prior art that the court did consider. A mere assertion of a disagreement between the parties is not enough to withstand a motion for summary judgment. Moreover, the prior art is documentary evidence, which is particularly suited for a decision upon a motion for summary judgment. When the design of the patent in suit is relatively simple, as here, the district court is capable of examining the prior art on its own and determining the relevance of the particular items to the patent in suit. *Graham v. John Deere & Co.*, 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966), requires a factual inquiry into the scope of the prior art. It does not, as plaintiffs argue, mandate a trial in every patent case in order to determine that scope. A trial is necessary only when there is a true factual dispute about the nature of the prior art.

■ Finally, plaintiffs contend that the district court erred in holding the entire patent invalid when, they assert, only claims 5 and 7 were the subject of the motion for summary judgment. The motion stated that "the claims alleged to be infringed are invalid" as a matter of law. The complaint alleged only that claims 5 and 7 were infringed, so, plaintiffs contend, the district court exceeded its authority by holding the other three independent claims of the patent invalid in the summary judgment motion. The plaintiffs, however, had brought the other independent claims into dispute as well. They specifically argued before the district court that the other independent claims may have been infringed as well.[11] Furthermore, there is nothing to distinguish claims 1, 3, and 4 in substance from claims 5 and 7.[12] While the language of the summary judgment motion could have been clearer, it did call into question the validity of the entire patent, and the district court correctly found it invalid in its entirety.

The judgment of the district court is affirmed.

11. In plaintiffs' brief in opposition to the summary judgment motion, they argued, "It should be noted at the outset, for example, that whereas Defendants contend that only Claims 5 and 7 are in issue, that is not the case." Brief of Plaintiffs in Resistance to Defendants' Motion for Summary Judgment Dismissal of Count I, filed June 27, 1980, pp. 2–3.

12. *A R, Inc. v. Electro-Voice, Inc., supra*, p. 513.

# APPENDIX

Feb. 11, 1969 V. B. STEFFEN 3,426,445

BASE FOR STEEL STORAGE BIN

Original Filed July 30, 1964

FIG. 1

FIG. 2

FIG. 3

FIG. 4

INVENTOR
VINCENT B. STEFFEN

BY ATTORNEY